# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | |
|---|---|
| SUSAN SCHARPF, and<br><br>ANTHONY D'ARMIENTO,<br><br>on behalf of themselves and all others similarly situated,<br><br>                            Plaintiffs,<br><br>           v.<br><br>GENERAL DYNAMICS CORP., et al.,<br><br>                         Defendants. | Case No. 1:23-cv-01372-AJT-WEF |

## SETTLEMENT AGREEMENT BETWEEN CLASS PLAINTIFFS
## AND DEFENDANT FASTSTREAM RECRUITMENT, LTD.

Subject to the approval of the Court, this Settlement Agreement ("Settlement Agreement" or "Agreement") is made and entered into as of the Execution Date, by and between Faststream Recruitment Ltd. (hereinafter "Faststream") and the Class Plaintiffs (as hereinafter defined), individually and on behalf of a Settlement Class (as hereinafter defined), through Interim Co-Lead Counsel for the proposed Settlement Class, and in the above-captioned action (the "Action").

### RECITALS

A.     Class Plaintiffs are prosecuting the Action on their own behalf and on behalf of a putative litigation class. Class Plaintiffs and the putative litigation class are currently represented by Interim Co-Lead Counsel.

B.     The Action is being litigated in the United States District Court for the Eastern District of Virginia.

C.     Class Plaintiffs have alleged, among other things, that Faststream entered into a contract, combination, or conspiracy in restraint of trade, the purpose and effect of which was to suppress competition for labor and to allow the Shipbuilder and Engineering Consultancy Defendants to pay sub-competitive compensation in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.

D.     Faststream denies all allegations of wrongdoing in the Action and believes it has numerous legitimate defenses to Class Plaintiffs' claims.

E.     This Settlement Agreement shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, or regulation or of any liability or wrongdoing by Faststream or of the truth of any of Class Plaintiffs' claims or allegations, nor shall it be deemed or construed to be an admission, evidence, or waiver of any of Faststream's defenses or of any facts relating to the Shipbuilding and Engineering Consultancy Defendants' defenses.

F.     Interim Co-Lead Counsel have conducted an investigation into the facts and law regarding the Action and the possible legal and factual defenses thereto and have concluded that (1) a settlement with Faststream according to the terms set forth below is fair, reasonable, adequate, and beneficial to, and in the best interests of, the Settlement Class, given the uncertainties, risks, and costs of continued litigation, and (2) that the Performance by Faststream (as hereinafter defined in Section II(A)) reflects fair, reasonable, and adequate consideration for the Settlement Class to release, settle, and discharge their claims that they were undercompensated as a result of the alleged anticompetitive conduct of which Faststream is accused.

G.     Despite Faststream's belief that it is not liable for and has strong defenses to the Claims asserted by Class Plaintiffs, Faststream desires to settle the Action to avoid the further expense, inconvenience, disruption, and burden of litigation and other present or future litigation

2

arising out of the facts that gave rise to this Action, to avoid the risks inherent in uncertain complex litigation and trial, and thereby to put to rest this controversy.

H.    Arm's-length settlement negotiations have taken place between Interim Co-Lead Counsel and Faststream's Counsel, and this Settlement Agreement has been reached as a result of those negotiations.

I.    The Settling Parties (as hereinafter defined) wish to preserve all arguments, defenses, and responses related to all claims in the Action, including any arguments, defenses, and responses related to any litigation class proposed by Class Plaintiffs in the event this Settlement Agreement fails to satisfy the conditions set out in Section II(E)(11) below.

J.    The Settling Parties desire to fully and finally settle all actual and potential Claims arising from or in connection with the Action, and to avoid the costs and risks of protracted litigation and trial.

**IT IS HEREBY AGREED**, by and among the Settling Parties, that in consideration of the covenants, agreements, and releases set forth herein and for other good and valuable consideration, that this Action and all Released Claims (as hereinafter defined) are finally and fully discharged, settled, and compromised as to the Faststream Released Parties (as hereinafter defined) and that this Action shall be dismissed in its entirety with prejudice as to Faststream, subject to approval of the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure, upon and subject to the following terms and conditions:

## I.    DEFINITIONS

**A.    Class Definition**.

"Settlement Class" means the class described in Section II(E)(3) below.

**B.      General Definitions**.

1.      "Action" means the putative class action filed by Class Plaintiffs captioned *Scharpf et al. v. General Dynamics Corp., et al.*, 1:23-cv-01372-AJT-WEF (E.D. Va.), which is currently pending in the United States District Court for the Eastern District of Virginia.

2.      "Claims" means any and all actual or potential, known or unknown, causes of action, claims, contentions, allegations, assertions of wrongdoing, damages, losses, or demands for recoveries, remedies, or fees complained of, arising from or related to the conduct alleged in the Action, or that could or should have been alleged in the Action.

3.      "Claims Administrator" means the third party to be retained by Interim Co-Lead Counsel and approved by the Court to manage and administer the process by which Settlement Class Members are notified of the Settlement Agreement.

4.      "Compensation" means the provision of anything of value to Settlement Class Members and includes wages, salaries, insurance benefits, bonuses, overtime pay, night shift premiums, raises, promotions, stocks or stock options, meals, and other monetary and nonmonetary forms of remuneration.

5.      "Complaint" means the Class Action Complaint in the Action (ECF 1).

6.      "Court" means the United States District Court for the Eastern District of Virginia and the Honorable Anthony J. Trenga, his successor, or any other Court with jurisdiction over the Action.

7.      "Date of Final Approval" means the date on which the Court enters an order granting final approval to this Settlement Agreement, pursuant to Rule 23 of the Federal Rules of Civil Procedure, as provided in Section II(E)(8) below.

8.      "Effective Date" means the first date upon which both of the following conditions shall have been satisfied: (a) final approval of the Settlement Agreement by the Court ("Final

Approval"); and (b) either (1) thirty days have passed from the date of Final Approval with no notice of appeal having been filed with the Court; or (2) Final Approval has been affirmed by a mandate issued by any reviewing court to which any appeal has been taken, and any further petition for review (including certiorari) has been denied, and the time for any further appeal or review of Final Approval has expired.

9.     "Date of Preliminary Approval" means the date on which the Court enters an order granting preliminary approval to this Settlement Agreement, pursuant to Rule 23 of the Federal Rules of Civil Procedure, as provided in Section II(E)(4) below.

10.     "Defendant" or "Defendants" means any or all of the Defendants named in the Action, now, in the past, or in the future.

11.     "Shipbuilder and Engineering Consultancy Defendants" means all Defendants other than Faststream Recruitment Ltd.

12.     "Documents" mean (a) all papers, electronically stored information ("ESI"), statements, transcripts, or other materials within the scope of Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure; and (b) any copies or reproductions of the foregoing, including microfilm copies or computer images.

13.     "Execution Date" means the date on which this Settlement Agreement is entered into and executed by all Settling Parties.

14.     "Fairness Hearing" has the meaning provided in Section II(E)(4) below.

15.     "Interim Co-Lead Counsel" and "Settlement Class Counsel" means the law firms of Handley Farah & Anderson PLLC, Hagens Berman Sobol Shapiro LLP, and Cohen Milstein Sellers & Toll PLLC.

16.     "Order and Final Judgment" means the order and final judgment of the Court approving the Settlement Agreement, including all of its material terms and conditions without

5

modification (except any modifications agreed upon by the Settling Parties and, as necessary, approved by the Court), and the settlement pursuant to Federal Rule of Civil Procedure 23, and dismissing Faststream with prejudice from the Action, as described in Section II(E)(8) below.

17.     "Person(s)" means an individual, corporation, partnership, limited liability company, association, trust, unincorporated organization, or other entity or organization.

18.     "Plaintiffs" or "Class Plaintiffs" means Plaintiffs named in the Complaint, Susan Scharpf and Anthony D'Armiento.

19.     "Released Claims" means claims defined in Section II(B)(2) of this Settlement Agreement.

20.     "Releasing Class Party" or "Releasing Class Parties" shall refer individually and collectively, to the Settlement Class and all members of the Settlement Class, including the Class Plaintiffs, each on behalf of themselves and their respective predecessors and successors; the assigns of all such persons or entities, as well as any person or entity acting on behalf of or through any of them in any capacity whatsoever, jointly and severally; and any of their past, present, and future agents, officials acting in their official capacities, legal representatives, agencies, departments, commissions, and divisions; and also means, to the full extent of the power of the signatories hereto to release past, present, and future claims, persons or entities acting in a private attorney general, qui tam, taxpayer, or any other capacity, whether or not any of them participate in this Settlement Agreement.

21.     "Settlement Agreement" means this document and the agreement reflected herein.

22.      "Settlement Class Member" means each member of the Settlement Class who is not timely and properly excluded from the Settlement Class.

23.     "Settlement Class Notice" means the notice to the Settlement Class that is approved by the Court, in accordance with Section II(E)(5) below.

24.     "Settlement Class Period" means the period from and including January 1, 2000, through the Date of Preliminary Approval.

25.     "Settling Parties" means Faststream and the Settlement Class, as represented by the Class Plaintiffs.

26.     "Unrelated Co-Conspirator" means any alleged co-conspirator in the Action that does not satisfy the criteria for inclusion as a "Released Party" in the definition of "Faststream Released Parties."

27.     "Faststream" means Faststream Recruitment Ltd.

28.     "Faststream Counsel" means the law firm of Eimer Stahl, LLP, and any other legal advisors retained for purposes of advising Faststream with respect to the Action.

29.     "Faststream Released Parties" means Faststream and Faststream's former, current and future parents, subsidiaries and affiliates, and any of their former, current and future, direct or indirect partners, owners, directors, officers, shareholders, managers, attorneys, equity holders, agents, insurers and employees. "Faststream Released Parties" does not include any Defendant other than Faststream named by Plaintiffs in the Action, either explicitly or as a third-party beneficiary.

## II.     SETTLEMENT

### A.     Performance by Faststream.

1.     Cooperation by Faststream is a material term of this Settlement Agreement. In consideration for the release of claims and dismissal of the Action, Faststream agrees to provide the following categories of cooperation to Plaintiffs:

a.     Subject to the qualifications below, Faststream agrees, within 90 days of the Execution Date, to produce to Plaintiffs all non-privileged documents, communications, surveys,

presentations and data relating to the compensation, benefits, wages, or salaries of persons employed as naval architects and/or marine engineers in the United States at a general level or by Defendants or their Co-Conspirators during the period January 1, 2000 to present. Defendants and Co-Conspirators refers to the entities listed in paragraphs 23-111 of the operative complaint. An entity, NASSCO, has a contractual right of notice, which will be provided by Faststream upon the execution of this agreement. If NASSCO has objections to the production of the documents, it will seek relief pursuant to the Federal Rules of Civil Procedure. Documents withheld on the basis of any privilege shall be logged in accordance with the requirements of Federal Rule of Civil Procedure 26(b)(5) within 135 days of the Execution Date.

b.      All documents produced by Faststream shall be designated Highly Confidential – Outside Attorneys' Eyes Only and their use or disclosure shall be limited to outside counsel for parties to the Action.  Interim Co-Lead Counsel agree that Faststream documents will be treated in accordance with the highest level of confidentiality under any protective order entered in the Action, regardless of the label affixed to such category.  If necessary to protect the confidentiality of Faststream's documents, Interim Co-Lead Counsel will notify Faststream if its documents need to be reproduced with revised confidentiality labeling.

c.      Faststream agrees to provide a declaration establishing the authenticity and addressing factors relevant to the admissibility of all documents produced by Faststream in accordance with this Section II(A)(1), for use in the Action.

d.      Faststream consents to the jurisdiction of the Court for the limited purpose of effectuating this Settlement Agreement and resolving disputes concerning its enforcement. With respect to those limited issues, Faststeam explicitly waives defenses it may have that the Court lacks jurisdiction over it or that it has not been properly served with process. Faststream *does not* consent to the jurisdiction of the Court in the Action.  Faststream will appear before the Court only

if necessary to effectuate or enforce this Settlement Agreement. For the avoidance of doubt, by entering into or enforcing this Settlement Agreement and the limited consent to jurisdiction therein, Faststream is not consenting to general or specific personal jurisdiction for purposes of the Action nor is it waiving any defenses it may have that the Court lacks jurisdiction over it or that it has not been properly served with process.

2.      The Parties will have the discretion to agree to minor modifications of these discovery obligations, and such modifications will not require Court approval.

**B.      Release of Claims**.

1.      The Release of Claims and Covenant Not to Sue are material terms of this Settlement Agreement.

2.      **Release of Claims Against Faststream**. Upon the Effective Date, the Releasing Parties shall completely release, acquit, and forever discharge the Faststream Released Parties from any and all claims, demands, actions, suits, causes of action, whether class, individual, or otherwise in nature (whether or not any member of the Settlement Class has objected to the Settlement Agreement or makes a claim upon or participates in any settlement funds made available in this Action, whether directly, representatively, derivatively, or in any other capacity) that the Releasing Parties ever had, now has, or hereafter can, shall, or may ever have, on account of, or in any way arising out of, any and all known and unknown, foreseen and unforeseen, suspected or unsuspected, actual or contingent, liquidated or unliquidated claims, injuries, losses, civil or other penalties, restitution, disgorgement, damages, and the consequences thereof that have been asserted, or could have been asserted, under federal or state law in any way arising out of or relating in any way to the allegations in the complaint (collectively, the "Released Claims"). For the avoidance of doubt, notwithstanding the above, "Released Claims" do not include (i) claims asserted against any Defendant other than the Faststream Released Parties, or (ii) any claims

9

wholly unrelated to the allegations or underlying conduct alleged in the Action that are based on personal injury, product defect, discrimination, COVID-19 safety protocols, failure to comply with wage-and-hour laws unrelated to anticompetitive conduct, or securities claims. This reservation of claims set forth this paragraph does not impair or diminish the right of the Faststream Released Parties to assert any and all defenses to such claims. During the period after the expiration of the deadline for submitting an opt-out notice, as determined by the Court, and prior to the Effective Date, all Releasing Parties who have not submitted a valid request to be excluded from the Settlement Class shall be enjoined and barred from asserting any Released Claims against the Faststream Released Parties. The release of the Released Claims will become effective as to all Releasing Parties upon the Effective Date. Upon the Effective Date, the Releasing Parties further agree that they will not file any other suit pressing Released Claims against the Faststream Released Parties.

3.     **Covenant Not to Sue**. Class Plaintiffs and each Settlement Class Member covenant not to sue, directly or indirectly, or otherwise seek to establish liability against the Faststream Released Parties for any of the Released Claims, including, without limitation, seeking to recover damages or other relief for any of the Released Claims. This Paragraph shall not apply to any action to enforce this Settlement Agreement.

4.     **Full Release**. The Settling Parties to this Settlement Agreement expressly agree and confirm that the Released Claims as set forth in the provisions of Section II(B) constitute a full and final release of the Faststream Released Parties by the Releasing Parties of the Released Claims.

5.     **Waiver**. In addition to the provisions of Section II(B)(2), the Releasing Parties hereby expressly waive and release, solely with respect to the Released Claims, upon the Effective

Date, any and all provisions, rights, and benefits conferred by Section 1542 of the California Civil

Code, which states:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> THAT THE CREDITOR OR RELEASING PARTY DOES NOT
> KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT
> THE TIME OF EXECUTING THE RELEASE AND THAT, IF
> KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY
> AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR
> OR RELEASED PARTY;

or by any law of any state or territory of the United States, or principle of common law, which is

similar, comparable, or equivalent to Section 1542 of the California Civil Code. Each Releasing

Party may hereafter discover facts other than or different from those which he, she, or it knows or

believes to be true with respect to the claims which are released pursuant to the provisions of

Section II(B)(2), but each Releasing Party hereby expressly waives and fully, finally, and forever

settles and releases, upon the Effective Date, any known or unknown, suspected or unsuspected,

contingent or non-contingent claim that the Releasing Parties have agreed to release pursuant to

Section II(B)(2), whether or not concealed or hidden, without regard to the subsequent discovery

or existence of such different or additional facts.

6.    **Release of Claims Against Releasing Class Parties.** Upon the Date of Effective

Date, Faststream and each of the Faststream Released Parties that Faststream owns or controls

shall completely release, acquit, and forever discharge each and every Releasing Class Party

from any and all claims, demands, actions, suits, causes of action, whether class, individual, or

otherwise in nature that the Releasing Parties ever had, now has, or hereafter can, shall, or may

ever have, on account of, or in any way arising out of, any and all known and unknown, foreseen

and unforeseen, suspected or unsuspected, actual or contingent, liquidated or unliquidated

claims, injuries, losses, civil or other penalties, restitution, disgorgement, damages, and the

consequences thereof that have been asserted, or could have been asserted, under federal or state law in any way arising out of or relating in any way to the Action.

7. **Covenant Not to Sue Releasing Class Parties.** Faststream covenants not to sue, directly or indirectly, or otherwise seek to establish liability against the Releasing Class Parties for any of the claims released in Paragraph (6) above, including, without limitation, seeking to recover damages or other relief for any of those claims, and to exert any mechanism of legal or actual control Faststream has over any of the Faststream Released Parties to prevent any Faststream Released Parties from bringing any such action against any of the Releasing Class Parties. This Paragraph shall not apply to any action to enforce this Settlement Agreement.

**C.    Claims Administrator**.

Pursuant to the Preliminary Approval Order, Interim Co-Lead Counsel shall engage a qualified Claims Administrator. The Claims Administrator shall effectuate a notice plan to be approved by the Court in a subsequent motion to direct notice to the class.

**D.    Approval of Settlement Agreement and Dismissal of Claims**.

1. **Notice of Settlement**. Within seven (7) business days after the execution of this Settlement Agreement by Faststream, Interim Co-Lead Counsel and Faststream's Counsel shall jointly file with the Court a notice of settlement and stipulation for suspension of all proceedings by Plaintiffs against Faststream in the Action pending approval of the Settlement Agreement.

2. **Effectuating the Settlement**. Class Plaintiffs and Faststream shall cooperate in good faith and use their best efforts to effectuate this Settlement Agreement, including cooperating in seeking the Court's approval of the Settlement Agreement without modification of any of its material terms and conditions, providing appropriate Settlement Class Notice under Federal Rule of Civil Procedure 23, and seeking the complete and final dismissal with prejudice of the Action as to Faststream.

3.      **Settlement Class Certification**. Class Plaintiffs shall seek, and Faststream shall take no position with respect to, the appointment of Interim Co-Lead Counsel as Settlement Class Counsel for purposes of this Settlement and the certification in the Action of a class for settlement purposes only, referred to herein as the "Settlement Class," which shall include Plaintiffs and be defined as:

> All naval architects and marine engineers employed by Defendants (except Defendant Faststream Recruitment Ltd.), their predecessors, subsidiaries, and/or related entities in the United States at any time from January 1, 2000, until the Execution Date of the Settlement Agreement.

The following persons and entities are excluded from the Settlement Class: Defendants' executives, human resources managers, and human resources staff; Defendants, co-conspirators, and any of their subsidiaries, predecessors, officers, or directors; and federal, state, or local governmental entities.

4.      **Preliminary Approval**. No later than 30 business days after the Execution Date, Class Plaintiffs shall submit to the Court a motion requesting entry of an order preliminarily approving the settlement ("Preliminary Approval Order"). Class Plaintiffs may combine the motion for Preliminary Approval with a motion to grant preliminary approval for settlement with any other Defendants. The Settling Parties may delay the filing of Preliminary Approval by mutual agreement. The proposed Preliminary Approval Order shall provide that, *inter alia*:

a.      the settlement proposed in the Settlement Agreement has been negotiated at arm's length and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class;

b.      after Settlement Class Notice has been carried out, a hearing on the settlement proposed in this Settlement Agreement shall be held by the Court to determine whether

the proposed settlement is fair, reasonable, and adequate, and whether it should be finally approved by the Court (the "Fairness Hearing");

        c.     Settlement Class Members who wish to exclude themselves from the settlement and the Settlement Agreement must submit an appropriate and timely request for exclusion;

        d.     Settlement Class Members who wish to object to this Settlement Agreement must submit an appropriate and timely written statement of the grounds for objection;

        e.     Settlement Class Members who wish to appear in person to object to this Settlement Agreement may do so at the Fairness Hearing pursuant to directions by the Court; and

        f.     all proceedings in the Action with respect to Faststream and Class Plaintiffs are stayed until further order of the Court, except as may be necessary to implement this Settlement Agreement or comply with the terms thereof.

        5.     **Settlement Class Notice**. The Settlement Class Notice shall provide for a right of exclusion, as set forth in Section II(E)(4). The Settlement Class Notice shall also provide for a right to object to the proposed Settlement. Individual notice of the Settlement to all Settlement Class Members who can be identified through reasonable effort shall be mailed, emailed, and/or sent via text message to the Settlement Class in conformance with a notice plan to be approved by the Court. Interim Co-Lead Counsel will undertake all reasonable efforts to notify potential Settlement Class Members of the settlement. The timing of a motion to approve notice to the Settlement Class of this Settlement Agreement shall be in the discretion of Interim Co-Lead Counsel and may be combined with notice of other settlements in this Action. If this litigation is dismissed with prejudice as to the class prior to any future settlement with a defendant, the parties agree that the release shall be effective as to the named plaintiffs only and no further notice to the class will be required.

6.      **Cost of Settlement Class Notice**. The costs of providing Settlement Class Notice to Settlement Class Members shall be combined with the costs of providing notice of other settlements in this Action.

7.      **CAFA Notice**. Within ten days of filing the motion for Preliminary Approval, Faststream will provide to the appropriate state officials and the appropriate federal official the notice required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b) ("CAFA").

8.      **Final Approval**. If this Settlement Agreement is preliminarily approved by the Court and Faststream has performed its obligations under Section II(A)(1), the Settlement Class shall seek entry of an Order and Final Judgment, which Faststream shall not oppose and in which it shall reasonably cooperate, that *inter alia:*

a.      certifies the Settlement Class described in Section II(E)(3), pursuant to Rule 23 of the Federal Rules of Civil Procedure, for purposes of this settlement as a settlement class;

b.      finally approves this Settlement Agreement and its terms as being a fair, reasonable, and adequate settlement as to the Settlement Class Members within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing its consummation according to its terms and conditions;

c.      determines that the Settlement Class Notice constituted, under the circumstances, the most effective and practicable notice of this Settlement Agreement and the Fairness Hearing, and constituted due and sufficient notice for all other purposes to all Persons entitled to receive notice;

d.      confirms that Faststream has provided the appropriate notice pursuant to CAFA;

e.      orders that all claims made against Faststream in the Action, including in all class action complaints asserted by the Class Plaintiffs, are dismissed with prejudice and without further costs or fees;

f.      discharges and releases the Faststream Released Parties from all Released Claims;

g.      enjoins Class Plaintiffs from suing, directly or indirectly, any of the Faststream Released Parties for any of the Released Claims;

h.      requires Interim Co-Lead Counsel to file with the clerk of the Court a record of potential Settlement Class Members that timely excluded themselves from the Settlement Class, and to provide a copy of the record to Faststream Counsel;

i.      incorporates the release set forth in Section II(B)(2) of this Settlement Agreement and makes that release effective as of the Effective Date as to the Class Plaintiffs and all Settlement Class Members that were not timely and validly excluded from the Settlement Class;

j.      determines under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directs that the judgment of dismissal as to Faststream shall be final and entered forthwith, and stating:

(1)     Final judgment as to the Action is entered in favor of Faststream; and

(2)     Final judgment is granted in favor of the Faststream Released Parties on any Released Claim of a Settlement Class Member that did not file a timely notice for exclusion; and

k.      reserves to the Court exclusive jurisdiction over the settlement and this Settlement Agreement, including the administration, consummation, and enforcement of this Settlement Agreement, including any disputes concerning Faststream's performance of its obligations under Section II(A) of this Settlement Agreement.

9.      **Class Counsel Fees and Expenses; No Other Costs**. Faststream shall have no responsibility for any costs, including Interim Co-Lead Counsel's attorneys' fees, costs, and expenses or the fees, costs, or expenses of any Plaintiff's or Class Member's respective attorneys, experts, advisors, or representatives, provided, however, that (i) with respect to the Action, including this Settlement Agreement, Faststream shall bear its own costs and attorneys' fees; and (ii) in any dispute concerning Faststream's performance of its obligations under Section II(A) of this Settlement Agreement, the Court may award attorneys' fees as appropriate to enforce the Settlement Agreement or defend against an attempt to enforce the Settlement Agreement. Faststream shall take no position on any motion for attorneys' fees, costs, expenses, or Plaintiff service awards made by Interim Co-Lead Counsel in connection with any other settlements in the Action.

10.     **When Settlement Becomes Final**. The settlement contemplated by this Settlement Agreement shall become final on the Effective Date.

11.     **Termination and Reduction**. If the Court denies either preliminary or final approval to this Settlement Agreement or any material part hereof (as set forth in Sections II(E)(4) or (E)(8) above, respectively), or if the Court approves this Settlement Agreement in a materially modified form, or if after the Court's approval, such approval is materially modified or set aside on appeal, or if (i) the Court does not enter the Order and Final Judgment within 90 days of the Fairness Hearing *and* (ii) either party files a motion no earlier than 90 days after the fairness hearing requesting entry of the Order and Final Judgment *and* (iii) 90 days after such filing, the Court still does not enter the Order and Final Judgment, or if the Court enters the Order and Final Judgment and appellate review is sought and on such review such Final Order and Judgment is reversed, vacated, or materially modified by order of the appellate court (collectively "Triggering Events"), then Faststream and Class Plaintiffs shall each, in their respective sole discretion, have

17

the option to rescind this Settlement Agreement in its entirety by providing written notice of their election to do so ("Termination Notice") to each other within thirty calendar days of such Triggering Event. For purposes of this Section II(E)(11), a material modification includes but is not limited to any modification to the cooperation provisions or the scope of the Released Claims. If rescinded or terminated, this Settlement Agreement shall become null and void and the Settling Parties' position shall be returned to the status quo ante. If Class Plaintiffs rescind this agreement after Faststream has complied, in full or part, with its obligations in II.A above, Class Plaintiffs must destroy all information provided by Faststream, including any work product referencing or relying upon such information, and Class Plaintiffs agree that the existence of such pre-termination information shall not be used in connection with any requests for or motions related to discovery from Faststream or any other party or non-party.  The Parties may extend the time allowed for effective Termination Notice by consent of all Parties. In no way shall Class Plaintiffs have the right to rescind or terminate this Settlement Agreement if the Court fails or refuses to grant any request for attorneys' fees, reimbursement of costs, or any service awards to class representatives.

12. **No Admission**.

a.      Faststream denies all allegations of wrongdoing in the Action.

b.      This Settlement Agreement, and any of its terms, and any agreement or order relating thereto, shall not be deemed to be, or offered by any of the Settling Parties to be received in any civil, criminal, administrative, or other proceeding, or utilized in any manner whatsoever as, a presumption, a concession, or an admission of any fault, wrongdoing, or liability whatsoever on the part of Faststream or other Faststream Released Parties; provided, however, that nothing contained in this Section II(E)(12) shall prevent this Settlement Agreement (or any agreement or order relating thereto) from being used, offered, or received in evidence in any proceeding to approve, enforce, or otherwise effectuate the settlement (or any agreement or order

relating thereto) or the Order and Final Judgment, or in which the reasonableness, fairness, or good faith of any Settling Party participating in the settlement (or any agreement or order relating thereto) is in issue, or to enforce or effectuate provisions of this Settlement Agreement or the Order and Final Judgment. This Settlement Agreement may, however, be filed and used in other proceedings, where relevant, to demonstrate the fact of its existence and of this settlement, including but not limited to Faststream filing the Settlement Agreement and/or the Order and Final Judgment in any other action that may be brought against it in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, waiver, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. **Litigation Standstill**. Class Plaintiffs shall cease all litigation activities against Faststream in the Action except to the extent expressly authorized in this Settlement Agreement. Faststream and Faststream Counsel shall cease all litigation activities against Class Plaintiffs in the Action, except in connection with providing the cooperation provided for in Section II(A). As is necessary to effectuate this Agreement, Class Plaintiffs will continue to name Faststream as a defendant in any amended complaint filed in the Action before the Effective Date. Nothing in this Litigation Standstill precludes Class Plaintiffs from deposing former employees of Faststream.

### III.    MISCELLANEOUS

**A.    Entire Agreement**.

This Settlement Agreement shall constitute the entire, complete, and integrated agreement between the Settlement Class and Faststream pertaining to the settlement of the Action against Faststream and supersedes any and all prior and contemporaneous undertakings of the Settlement Class and Faststream in connection therewith. All terms of the Settlement Agreement are contractual and not mere recitals.

**B.**     **Inurement**.

The terms of the Settlement Agreement are and shall be binding upon and inure to the benefit of, to the fullest extent possible, each of the Releasing Parties and the Faststream Released Parties, and upon all other Persons claiming any interest in the subject matter hereto through any of the Settling Parties, Releasing Parties, or Faststream Released Parties, including any Settlement Class Members.

**C.**     **Modification and Waiver**.

Except for minor modifications of discovery obligations and deadlines as set forth in Section II(A)(2) above, this Settlement Agreement may be modified or amended only by a writing executed by the Class Plaintiffs (through Interim Co-Lead Counsel) and Faststream, subject (if after the Date of Preliminary Approval) to approval by the Court. Amendments and modifications may be made without notice to the Settlement Class unless notice is required by law or by the Court. The waiver of any rights conferred hereunder shall be effective only if made by written instrument of the waiving Party.

**D.**     **Drafted Mutually**.

For the purpose of construing or interpreting this Settlement Agreement, the Settlement Class and Faststream shall be deemed to have drafted it equally, and it shall not be construed strictly for or against any party.

**E.**     **Governing Law & Jurisdiction**.

Any disputes arising under this Settlement Agreement shall be governed by and interpreted according to the substantive laws of the state of Virginia without regard to its choice of law or conflicts of law provisions. Subject to Court approval, the United States District Court for the Eastern District of Virginia shall retain jurisdiction over the implementation, enforcement, and performance of this Settlement Agreement and shall have exclusive jurisdiction over any suit,

action, proceeding, or dispute arising out of or relating to this Settlement Agreement or the applicability of this Settlement Agreement that cannot be resolved by negotiation and agreement by Class Plaintiffs and Faststream.

**F.    Counterparts**.

This Settlement Agreement may be executed in counterparts by Interim Co-Lead Counsel and Faststream Counsel, each of which shall be deemed an original and all of which taken together shall constitute the same Settlement Agreement. A facsimile or .pdf signature shall be deemed an original signature for purposes of executing this Settlement Agreement.

**G.    Represented by Counsel**.

Class Plaintiffs, the Settlement Class, and Faststream acknowledge that each have been represented by counsel, and have made their own investigations of the matters covered by this Settlement Agreement to the extent they have deemed it necessary to do so and are not relying on any representation or warranty by the other party other than as set forth herein. Therefore, the Settling Parties and their respective counsel agree that they will not seek to set aside any part of the Settlement Agreement on the grounds of mistake. The Settling Parties agree that this Settlement Agreement was negotiated in good faith by the Settling Parties and reflects a settlement that was reached voluntarily after consultation with competent counsel, and no Settling Party has entered this Settlement Agreement as the result of any coercion or duress.

**H.    Authorization**.

Each of the undersigned attorneys represents that he or she is fully authorized to enter into and execute this Settlement Agreement, subject to Court approval; the undersigned Interim Co-Lead Counsel represent that they are authorized to execute this Settlement Agreement on behalf of Class Plaintiffs; and the undersigned Faststream Counsel represent that they are authorized to execute the Settlement Agreement on behalf of Faststream.

I.      **Privilege and Confidentiality**.

1.      Nothing in this Settlement Agreement, settlement, or the negotiations or proceedings relating to the foregoing is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, the accountants' privilege, the attorney-client privilege, the joint defense privilege, or work-product immunity.

2.      During the period prior to the public filing of this Settlement Agreement, the Settling Parties agree to maintain the confidentiality of all settlement discussions, materials exchanged during those settlement discussions, and the terms of this Settlement Agreement. However, during the period prior to the public filing of this Settlement Agreement, Faststream and Class Plaintiffs can inform other parties to this Action and candidates for Class Administrator that they have reached a settlement agreement.

J.      **No Unstated Third-Party Beneficiaries**.

No provision of this Settlement Agreement shall provide any rights to, or be enforceable by, any Person that is not a Released Party, Plaintiff, Settlement Class Member, or Interim Co-Lead Counsel.

K.      **Breach**.

This Settlement Agreement does not waive or otherwise limit the Settling Parties' rights and remedies for any breach of this Settlement Agreement. Any breach of this Settlement Agreement may result in irreparable damage to a Party for which such Party will not have an adequate remedy at law. Accordingly, in addition to any other remedies and damages available, the Settling Parties acknowledge and agree that the Settling Parties may immediately seek enforcement of this Settlement Agreement by means of specific performance or injunction, without the requirement of posting a bond or other security. The waiver by any Party of any particular

breach of this Settlement Agreement shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent or contemporaneous, of this Settlement Agreement.

**L.      Notice**.

Other than Settlement Class Notice, any notice required pursuant to or in connection with this Settlement Agreement shall be in writing and shall be given by: (1) hand delivery; (2) registered or certified mail, return receipt requested, postage prepaid; or (3) UPS or similar overnight courier, addressed, in the case of notice to any Plaintiff or Settlement Class Member, to Interim Co-Lead Counsel at their physical addresses set forth below, with a copy by email at the email addresses set forth below and, in the case of notice to Faststream, to its representatives at their physical addresses set forth below, with a copy by email at the email addresses set forth below, or such other physical or email addresses as Faststream or Interim Co-Lead Counsel may designate, from time to time, by giving notice to all Settling Parties in the manner described in this Section III(L).

>           For Class Plaintiffs:
>
>                   Steve W. Berman
>                   HAGENS BERMAN SOBOL SHAPIRO LLP
>                   1301 Second Avenue, Suite 2000
>                   Seattle, Washington 98101
>                   Telephone: (206) 623-7292
>                   steve@hbsslaw.com
>
>                   Shana E. Scarlett
>                   HAGENS BERMAN SOBOL SHAPIRO LLP
>                   715 Hearst Avenue, Suite 202
>                   Berkeley, California 94710
>                   Telephone: (510) 725-3000
>                   shanas@hbsslaw.com

Brent W. Johnson
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue, NW, 5th Floor
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
bjohnson@cohenmilstein.com

George F. Farah
HANDLEY FARAH & ANDERSON PLLC
33 Irving Place
New York, New York 10003
Telephone: (212) 477-8090
Facsimile: (844) 300-1952
gfarah@hfajustice.com

For Faststream:

Nathan P. Eimer

EIMER STAHL, LLP


224 South Michigan Avenue, Suite 1100
Chicago, IL 60604
Tel: (312) 600-7600
Fax: (312) 692-1718
neimer@EimerStahl.com


IN WITNESS WHEREOF, the Settling Parties hereto, through their fully authorized

representatives, have agreed to this Settlement Agreement as of the Execution Date.


Dated: February 8, 2023

_____

Shana E. Scarlett
Rio S. Pierce
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com
rios@hbsslaw.com

24

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Elaine T. Byszewski
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 920
Pasadena, California 9110
Telephone: (206) 330-7150
elaine@hbsslaw.com

Dated: February 8, 2023

_____
Brent W. Johnson
Steven J. Toll
Robert W. Cobbs
Alison S. Deich
Zachary R. Glubiak
Sabrina Merold
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave. NW
Suite 500, West Tower
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
stoll@cohenmilstein.com
bjohnson@cohenmilstein.com
rcobbs@cohenmilstein.com
adeich@cohenmilstein.com
zglubiak@cohenmilstein.com
smerold@cohenmilstein.com

25

Dated: February 8, 2023

George F. Farah
Rebecca P. Chang
Nicholas J. Jackson
HANDLEY FARAH & ANDERSON PLLC
33 Irving Place
New York, NY 10003
T: (212) 477-8090
F: (844) 300-1952
gfarah@hfajustice.com
rchang@hfajustice.com
njackson@hfajustice.com

William H. Anderson
HANDLEY FARAH & ANDERSON PLLC
4730 Table Mesa Drive, Suite G-200
Boulder, CO 80305
T: (202) 559-2433
F: (844) 300-1952
wanderson@hfajustice.com

Simon Wiener
HANDLEY FARAH & ANDERSON PLLC
68 Harrison Avenue, Suite 604
Boston, MA 02111
T: (202) 921-4567
swiener@hfajustice.com

*Interim Co-Lead Counsel for Plaintiffs and the Proposed Class*

Dated: February 12, 2023

Nathan P. Eimer
Benjamin Waldin
EIMER STAHL, LLP
224 South Michigan Avenue, Suite 1100
Chicago, IL 60604
Tel: (312) 600-7600
Fax: (312) 692-1718
neimer@EimerStahl.com
bwaldin@eimerstahl.com

Lynn K. Brugh, IV, VSB No. 36778
Brendan O'Toole, VSB No. 71329
WILLIAMS MULLEN
200 South 10th Street, Suite 1600

Richmond, VA 23219
Tel: (804) 420-6000
Fax: (804) 420-6507
lbrugh@williamsmullen.com
botoole@williamsmullen.com

*Counsel for Faststream Recruitment, Ltd.*

Agreed to:

FASTSTREAM RECRUITMENT, LTD.

Name:    Chris Bramley
Title:     Chief Financial Officer
Date:     February 12, 2023

*Defendant*

27