# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| SUSAN SCHARPF and HARRY FORSTER on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GENERAL DYNAMICS CORP., *et al.*,<br><br>Defendant. | Case No. 1:23-cv-01372-AJT-WEF |

**DECLARATION OF BRENT W. JOHNSON**

I, Brent W. Johnson, declare as follows:

1. I am an attorney admitted to practice *pro hac vice* in this Court. I am also admitted to practice in the District of Columbia and the States of New York and New Jersey, as well as several federal district and appellate courts. I am a Partner at Cohen Milstein Sellers & Toll LLP, co-chair of the firm's antitrust practice, and counsel of record for Plaintiff Susan Scharpf and Harry Forster. I make this declaration in support of Plaintiffs' Opposition to the General Dynamics ("GD") Defendants' Motion for Attorneys' Fees and Costs Under 28 U.S.C. § 1927. I have personal knowledge of the matters stated herein.

2. I led Plaintiffs' settlement negotiations with counsel for the GD Defendants. On March 10, 2026, I conveyed a settlement offer to counsel for the GD Defendants and did not receive a response until March 27, when the GD Defendants rejected it. That same day, I conveyed a new settlement offer to counsel for the GD Defendants informed by Plaintiffs' review of thousands of documents that had been produced thus far and reassessment of their claims.

3. I did not receive a response from counsel for the GD Defendants on the second settlement offer until nearly six weeks later on May 6, 2026. The GD Defendants rejected Plaintiffs' settlement offer, without providing a counteroffer, and on the same call, I discussed potential dismissal of the case with counsel for the GD Defendants. After additional discussions, the stipulation of dismissal for the GD Defendants was filed on May 12, 2026.

4. Every day from March 10, 2026 to May 6, 2026, the GD Defendants were considering two separate settlement offers by Plaintiffs.

5. During discovery negotiations, counsel for the GD Defendants informed counsel for Plaintiffs that they lacked ESI for 31 individuals Plaintiff had requested as custodians, and that Electric Boat had documents "currently available going back 60 days and anything self-selected for archiving."

6. Electric Boat's document production lacked documents dated before 2022 for twenty of the twenty-three custodians the parties had agreed upon. Of the 920,000 documents the GD Defendants purport to have produced, only approximately 63,000 came from the GD Defendants' 42 custodians.

7. If called as a witness, I could testify competently to the matters set forth herein.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 17th day of July, 2026.

*/s/ Brent W. Johnson*
Brent W. Johnson