IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| SUSAN SCHARPF, *on behalf of herself and all others similarly situated, et al.*, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 1:23-cv-01372 (AJT/WEF) |
| GENERAL DYNAMICS CORP., *et al.*, | ) | |
| Defendants. | ) | |

**ORDER**

Upon consideration of Plaintiffs' Motion for Preliminary Approval of Settlements with Gibbs & Cox, Inc., Marinette Marine Corp., Serco, Inc., CACI International Inc., Thor Solutions, LLC, Bollinger Shipyards, LLC, and Huntington Ingalls Industries, Inc., it is hereby **ORDERED** as follows:

1. The motion is hereby **GRANTED.**

a. The Court finds that the proposed settlements with Gibbs & Cox, Inc. ("Gibbs"), Marinette Marine Corp. ("Marinette"), Serco, Inc. ("Serco"), CACI International Inc. ("CACI"), Thor Solutions, LLC ("Thor"), Bollinger Shipyards, LLC ("Bollinger"), and Huntington Ingalls Industries, Inc. ("HII") (collectively hereafter, "Settlement Agreements" or "Settlement Defendants") have been negotiated at arm's length and are sufficiently fair, reasonable, and

adequate to authorize dissemination of notice of the Settlement Agreements to the Settlement Class defined below.

2. Terms used in this Order that are defined in the Settlement Agreements are, unless otherwise defined herein, used as defined in the Settlement Agreements.

3. The Court hereby certifies the following Settlement Class for the purpose of the Settlement Agreements:

> All naval architects and marine engineers, employed by Defendants in the United States (excluding Defendant Faststream Recruitment Ltd.) their predecessors, subsidiaries, and/or related entities in the United States at any time from January 1, 2000, until December 31, 2025.

4. The following persons and entities are excluded from the Settlement Class: Defendants' executives, human resources managers, and human resources staff; Defendants, co-conspirators, and any of their subsidiaries, predecessors, officers, or directors; and federal, state, or local governmental entities

5. The Court finds that the Settlement Class fully complies with the requirements of Federal Rule of Civil Procedure 23. Specifically, the Court finds (1) that the Settlement Class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the Settlement Class; (3) the claims of the Named Plaintiffs are typical of the claims of the Settlement Class; and (4) the Named Plaintiffs will fairly and adequately protect the interests of the Settlement Class. Additionally, the Court finds that questions of law or fact common to Settlement Class members predominate over any questions that may affect only individual members, and that a class action is superior to all other available methods for fairly and efficiently adjudicating the controversy.

6. The Court appoints the following Named Plaintiffs as class representatives of the Settlement Class: Susan Scharpf and Harry Forster.

7. The Court appoints the following law firms (which currently serve as Interim Co-Lead Counsel) as Settlement Class Counsel: Cohen Milstein Sellers & Toll, PLLC; Handley Farah & Anderson PLLC; and Hagens Berman Sobol Shapiro LLP.

8. Settlement Class Counsel shall submit a motion to approve a plan of notice of the Settlement Agreements promptly at an appropriate time prior to Plaintiffs moving for final approval of the Settlement Agreements.

9. If a Settlement Agreement is terminated or rescinded in accordance with its provisions, then that Settlement Agreement shall become null and void, except insofar as expressly provided otherwise in the Settlement Agreement, and without prejudice to the status quo ante rights of Plaintiffs, Settlement Defendants, and the members of the Settlement Class. The parties shall also comply with any terms or provisions of the Settlement Agreements applicable to termination, rescission, or the Settlement Agreements otherwise not becoming Final.

10. The Court approves the establishment of an escrow account, as set forth in the Settlement Agreements, as a "Qualified Settlement Fund" pursuant to Treas. Reg. § 1.468B-1. The Court retains continuing jurisdiction over any issues regarding the formation or administration of the escrow account. Settlement Class Counsel and their designees are authorized to expend funds from the escrow account to pay taxes, tax expenses, and notice and administration costs, as set forth in the Settlement Agreements.

11. This litigation is hereby stayed as to the Released Parties (as that term is defined in the Settlement Agreements) except as necessary to effectuate the Settlement Agreements or otherwise agreed to by the settling parties.

IT IS SO ORDERED.

DATED: Sept. 17, 2026

/s/
Anthony J. Trenga
~~Senior United States District Judge~~
HON. ANTHONY J. TRENGA
UNITED STATES DISTRICT JUDGE